# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2012

No. 11-20215
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR HUGO ALEGRIA, also known as Alexis Gonzalez Quintero, also known as Kelvin Camps-Cuadrado, also known as Alexis Gonzalez, also known as Alexis Gonzalez-Quintero,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-840-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Victor Hugo Alegria appeals his guilty plea conviction for being an illegal alien in possession of a firearm, arguing that the factual basis was insufficient to support his guilty plea because he was silent when asked whether he possessed the firearm; that the district court pressured him to plead guilty; and that he shared the apartment with other people who could have possessed the firearm. As Alegria concedes, because he did not raise this argument in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court, review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Alegria must show legal error that is clear or obvious and affects his substantial rights. *See id.* If he makes such a showing, this court has the discretion to correct the error but will only do so if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Alegria has not shown that the district court plainly erred in finding that there was a sufficient factual basis to support his guilty plea. The record as a whole indicates that Alegria admitted he possessed the firearm and that the district court did not pressure him to plead guilty. When asked by the district court, Alegria stated several times that he had had enough time to review the plea agreement with his counsel, that he read and voluntarily signed the plea agreement, and that the contents of the agreement, including the factual basis, were true. Although at one point he remained silent when asked if he possessed the firearm, Alegria subsequently admitted that he was an illegal alien and that he possessed the firearm. He also reiterated several times that he wished to plead guilty and that he was pleading guilty voluntarily and not because the district court insisted that he do so. The district court explained the term "possession," and its explanation was consistent with this court's precedent concerning constructive possession. *See United States v. Patterson*, 431 F.3d 832, 837 (5th Cir. 2005); *see also United States v. Onick*, 889 F.2d 1425, 1430 (5th Cir. 1989). Accordingly, the district court did not plainly err in finding that there was a sufficient factual basis for Alegria's guilty plea.

AFFIRMED.